UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Corey Fluker, #320678 | ) | C/A No. 9:08-03704-HFF-BM |
| Plaintiff, | ) ) ) | REPORT AND RECOMMENDATION FOR PARTIAL SUMMARY DISMISSAL |
| v. | ) ) | |
| Leslie Simmons; the Oconee County Solicitors Office; E. Delane Rosemond; Cpl J.D. Owens of the South Carolina Highway Patrol, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Michael Corey Fluker (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is incarcerated at Allendale Correctional Institution, a facility of the South Carolina Department of Corrections, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. In his complaint, Plaintiff alleges false arrest, excessive force, and various issues concerning his criminal trial process. The complaint names Leslie Simmons, the Oconee County Solicitors Office, E. Delane Rosemond, and Cpl J.D. Owens of the South Carolina Highway Patrol as the defendants.

Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 116 Stat. 1321 91996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Waden, Md. House of Corr.*,

---

[1]Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

In order to state a cause of action under § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Defendant Rosemond is the attorney who represented Plaintiff during his criminal trial. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317-24 & nn. 8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Therefore,

Defendant Rosemond is entitled to summary dismissal because there is no state action on the part of this defendant.

Prosecutors are protected by immunity for activities in or connected with judicial proceedings. *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reid*, 500 U.S. 478 (1991); *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000). In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. This absolute immunity from suit applies when prosecutors exercise their prosecutorial discretion, such as making the determination to go forward with indictment. *See Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997); *Carter v. Burch*, 34 F.3d 257 (4th Cir. 1994); *Pachaly v. City of Lynchburg*, 897 F.2d 723 (4th Cir. 1990); *Weller v. Dep't of Soc. Servs.*, 901 F.2d at 387 (4th Cir. 1990).

Defendant Simmons, with the Oconee County Solicitors Office, was the solicitor involved in Plaintiff's indictment. Plaintiff complains about the handling of his preliminary hearing request and his indictment. Defendant Simmons as solicitor and the Oconee County Solicitors Office are entitled to absolute immunity from suit under § 1983 for their participation in Plaintiff's indictment and criminal trial process. Defendants Simmons and Oconee County Solicitors Office should be dismissed as Defendants in this case.

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint in the above-captioned case as to Defendants Leslie Simmons, the Oconee County Solicitors Office, and

3



E. Delane Rosemond *without prejudice* and without issuance and service of process for these defendant. *See Denton v. Hernandez*, 504 U.S. at 25; *Neitzke v. Williams*, 490 U.S. at 319, 324-25; *Haines v. Kerner*, 404 U.S. at 519; *Brown v. Briscoe*, 998 F.2d 201, 202-04 & n.* (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d at 70; 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Process shall issue for service of the remaining defendant.

Bristow Marchant
United States Magistrate Judge

November 24, 2008
Charleston, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

4



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



5