IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Corey Fluker, | ) |
|                 Plaintiff, | ) CIVIL ACTION NO. 9:08-3704-HFF-BM |
| v. | ) |
| Captain J. D. Owens of the South Carolina Highway Patrol, | ) **REPORT AND RECOMMENDATION** |
|                 Defendants. | ) |

This action was filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the Defendant Owens during his arrest in 2003.[1]

The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on June 26, 2009. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on June 29, 2009, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case. Plaintiff thereafter filed a memorandum in opposition to the Defendant's motion on July 9, 2009.

---

[1] Plaintiff's Complaint originally contained additional allegations against additional Defendants arising out of his trial. Those claims, and the additional Defendants, were dismissed by Order filed December 11, 2008.



The Defendant's motion is now before the Court for disposition.[2]

**Background and Evidence**

Plaintiff alleges in his verified complaint[3] that he was arrested by the Defendant Owens in October 2003. Plaintiff alleges that at the time of his arrest he was "pulled over for no reason" and that the Officer accompanying Owens (unnamed) used excessive force "by attacking me and slamming me to the ground . . . ." Plaintiff also alleges that the Defendant Owens "removed certain items from my vehicle [sports jerseys]". Plaintiff alleges that when he protested, Owens told him that the jerseys were evidence. Plaintiff alleges that he contacted the South Carolina Law Enforcement Division (SLED) and "Internal Affairs" and asked them to look into Owens' conduct and to charge him with theft of property, but that he was advised by the South Carolina Department of Public Safety that his property had been inventoried and was in an evidence locker. Plaintiff states that he has "no way of knowing if any items are missing or if the items in fact are mine so I still consider the items to be stolen." Plaintiff also alleges that the dashboard camera in the patrol car was obstructed by Owens hat, and that he [Plaintiff] believes Owens "purposely did this to conceal his actions."

Plaintiff further alleges that at the time of his arrest he told Owens that he [Owens]

---

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

2



"was somehow responsible for drugs being planted on me." Plaintiff alleges that Owens "claims I had 5 pounds of drugs in my car but there could have been anywhere from 10 to 100 pounds. The fact is no one will ever know except for Cpl. Owens which is why he blatantly placed his hat in front of the camera." Plaintiff also continues to assert that the items taken from his car were not inventoried, which is "proof that [Owens] intended to keep the items." Plaintiff again states that, "as far as the items the general counsel says they have in an evidence locker I have no way of knowing if any of the items are missing or if they are in fact mine at all."

Plaintiff seeks monetary damages, as well as to have Owens fired and charged with theft of his personal property.[4] See generally Verified Complaint.

Although Plaintiff submitted no exhibits as attachments to his complaint, he did file some exhibits as attachments to an appeal brief filed with the Court on January 12, 2009.[5] These documents include a copy of the Order of Dismissal on a State Application for Post-Conviction Relief filed by the Plaintiff, in which the PCR judge discusses defense counsel's testimony concerning the fact that the video tape of the arrest showed nothing because the police officer had put his hat in front of the camera (Item 1). Also attached is a letter to the Plaintiff from the South Carolina Department of Public Safety dated September 8, 2008 wherein Plaintiff is advised that the clothing articles seized at the time of his 2003 arrest are currently stored in the Public Safety Department Central Evidence

---

[4] The remainder of the claims in Plaintiff's complaint, and relief sought, relate to the other Defendants who have already been dismissed.

[5] Plaintiff filed an Interlocutory Appeal to the Fourth Circuit Court of Appeals with respect to the dismissal of the other Defendants.

3



Facility in Columbia (Item 2).[6]

In support of summary judgment in the case, the Defendant J. D. Owens has submitted an affidavit wherein he attests that he is a Corporal with the South Carolina Highway Patrol. Owens attests that on October 23, 2003, at approximately 10:40 a.m., he was on patrol on Interstate 85 in Oconee County, South Carolina when he observed Plaintiff traveling above the posted speed limit with a speed measured at seventy-eight miles per hour in a posted sixty-five mile per hour zone. Owens attests that he pulled Plaintiff's vehicle over on to the right emergency shoulder, and as he approached Plaintiff's vehicle, he observed Plaintiff immediately light a cigarette, noted air freshener, observed a brown paper bag under the driver's seat, observed a beer bottle cap on the rear floor, and observed the Plaintiff's hands shaking. Owens attests that he advised Plaintiff that he was going to write him a warning citation for speeding, and as Plaintiff handed him his driver's licence, he observed Plaintiff's hands shaking. Plaintiff advised Owens that the vehicle was titled in his mother's name, but that the car belonged to him. Owens attests that he asked Plaintiff to exit the vehicle and meet him in front of the patrol car, and that as Plaintiff approached the patrol car, he observed bulges in Plaintiff's front pockets and conducted a pat down for weapons. He then began to write the warning citation.

Owens attests that as he wrote the warning citation, Plaintiff stated he was going to Virginia and that he had no weapons in the car. Plaintiff also stated that he had no illegal drugs in the car, but looked down and away when doing so. Plaintiff also stated that he had no open containers in the vehicle, and asked "Do I look like a person who carries weapons of mass

---

[6]The remainder of the documents apply to claims against the Defendants who were dismissed.



destruction?" Owens issued Plaintiff the warning citation, which is attached to the affidavit as Exhibit A.

Owens attests that another trooper arrived to assist him, and that while he was checking the VIN number on the car door, he observed a beer contained in a brown bag under the seat. Owens attests that he asked Plaintiff about this bag and was told by the Plaintiff that the bag was empty and that some friends were drinking in the car the night before. Owens attests that he then asked Plaintiff for his consent to search the vehicle, and that Plaintiff consented to the search. Owens attests that he then conducted a brief search of Plaintiff's vehicle and found a half full, cold beer under the seat. He also observed green plant material in the driver's door which appeared to be marijuana. Owens attests that he asked Plaintiff when was the last time he had smoked marijuana and Plaintiff stated the night before and admitted that there was marijuana wrapped in a napkin in the car. Owens attests that he removed the napkin with the marijuana inside and Plaintiff stated there was nothing else in the car. However, Owens attests that he discovered two packages in the luggage bag in the car that were consistent with narcotics. The packages contained a white powdered substance that looked and smelled like cocaine. Owens attests that he then placed Plaintiff under arrest and read him his Miranda warnings.

Owens attests that he was never subpoenaed or asked to go to court concerning the charges against the Plaintiff. A copy of his report and typed attachment outlining the events of that evening are attached to his affidavit as Exhibit B. A copy of the traffic ticket charging Plaintiff with simple possession of marijuana is attached as Exhibit C. Owens attests that he applied for and obtained an arrest warrant to charge Plaintiff with unlawful trafficking in cocaine, a copy of which is attached to his affidavit as Exhibit D. A copy of an apprehension report outlining the charges



against the Plaintiff is also attached as Exhibit E. Owens attests that he prepared a Chain of Custody form for the green plant material, a copy of which is attached as Exhibit F, that he requested a drug analysis on the two bundles containing a white powder substance, a copy which is attached as Exhibit G, that he prepared an Inventory of Money and Property found to be in Plaintiff's possession, a copy of which is attached as Exhibit H, that Plaintiff's vehicle was towed by Jim's Auto, a copy of the towing report being attached as Exhibit I, and that he prepared a Chain of Custody form for Plaintiff's luggage bag, a copy which is attached as Exhibit J.

Owens attests that Plaintiff's property would have been taken to the Centralized Evidence facility in Columbia and placed in a locker, that he has not had, and does not have, any of the Plaintiff's property, and that the only property taken by him is as stated in the Exhibits to the affidavit. See generally Owens Affidavit, with attached Exhibits.

As an attachment to his memorandum in opposition to summary judgment, Plaintiff has attached a copy of an unsigned Department of Public Safety Chain of Custody and Evidence Destruction form.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed



by a <u>pro se</u> litigant to allow the development of a potentially meritorious case, see <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

After careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes that the Defendant is entitled to summary judgment in this case.[7] As the Defendant correctly notes in his motion, to the extent Plaintiff's claims, if successfully pursued, would call into question the validity of his criminal conviction on charges arising out of this incident,[8] Plaintiff's claims are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), wherein the Supreme Court held that :

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

<u>Id</u>. at 486-487.

Under <u>Heck</u>, in order to recover damages for imprisonment in violation of the

---

[7] While Plaintiff's claims relating to his arrest appear to be time barred, because the statute of limitations is an affirmative defense, and because the Defendant has not asserted the statute of limitations as a defense, Plaintiff's claims have been addressed on the merits.

[8] Plaintiff pled guilty to a drug charge arising out of this traffic stop. See Order (<u>Fluker v. State of South Carolina</u>, No. 2007-CP-37-939 (filed April 18, 2008); <u>Complaint</u>, p. 5 and attachments.

7



constitution, the imprisonment must first be successfully challenged. This would include any claims concerning an allegedly illegal search of the Plaintiff's car to obtain evidence, or the planting of evidence (drugs). Minson v. Village of Hopedale, 102 Fed.Appx. 42, (7th Cir. 2004)["[Plaintiff's] claims of illegal search and an improper arrest would necessarily undermine the validity of her conviction, and are therefore barred until she succeeds in having that conviction overturned."] (citing Heck v. Humphrey, supra.); Zamichieli v. Stott, No. 96-254, 1999 WL 447311 at * 5 (E.D.Pa. July 1, 1999)["Since success on the Plaintiff's section 1983 claims of conspiracy to plant drugs on his person would effectively call his state conviction for drug possession into question, these claims are not actionable while the state conviction remains intact."]. Plaintiff has not alleged that he has successfully challenged the unlawfulness of his conviction. Therefore, these claims must be dismissed. Oberg v. Asotin County, 310 Fed. Appx. 144 at * * 1 (9th Cir. Jan. 23, 2009)[Section 1983 claims dismissed where success on those claims would imply the invalidity of Plaintiff's convictions, and Plaintiff failed to demonstrate that the convictions had been overturned]; Dass v. Caplinger, No. 98-30317, 1999 WL 47005 at * 1 (5th Cir. Jan. 20, 1999)["If a Plaintiff's successful pursuit of a civil rights claim challenges the validity of his criminal conviction, and Plaintiff cannot show that such conviction has been reversed, invalidated, or otherwise set aside, the court may properly dismiss the civil rights claim as frivolous."]; Norris v. Patsy, No. 94-2583, 1994 WL 443456 at * 1 (N.D.Ca. July 29, 1994)["A judgment in favor of the Plaintiff here would imply the invalidity of pending state criminal proceedings which have not already been invalidated; . . . therefore, any requests for damages pertinent to said proceedings is premature and must be dismissed"].

As for Plaintiff's claims that would not call into question his conviction, these claims are not barred by Heck. See Jackson v. Gable, No. 05-2591, 2006 WL 1487047, at * 6, n. 8 (D.S.C.



May 25, 2006). However, with respect to these claims, Plaintiff has failed to present evidence sufficient to survive summary judgment. First, Plaintiff has provided no evidence whatsoever to support his claim that the Defendant Owens has illegally confiscated or stolen his personal property. Indeed, Plaintiff's own exhibits filed in support of his claims show that the property seized from his vehicle has been inventoried and is in the custody of the South Carolina Department of Public Safety. Further, Plaintiff himself admits that he does not himself know whether any of his property is in fact missing. This claim is patently without merit.

Plaintiff's claim that he was subjected to excessive use of force is analyzed under the Fourth Amendment, which governs claims of excessive force during the course of an arrest, investigatory stop, or other "seizure" of a person. Riley v. Dorton, 115 F.3d 1159, 1161 (4th Cir. 1997)(citing Graham v. Conner, 490 U.S. 386, 388 (1989).[9] Under the Fourth Amendment, claims of excessive use of force during an investigatory stop or arrest are considered under an "objective reasonableness" standard. This test requires "balanc[ing] the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." Tennessee v. Garner, 471 U.S. 1, 8 (1985); Sweatt v. State of Maryland, No. 89-3231, 1989 WL 126582 at **1 (4th Cir. 1989); White v. Town of Chapel Hill, 899 F.Supp. 1428, 1435 (M.D.N.C. 1995), aff'd 70 F.3d 1264 (4th Cir. 1995). When considering a police officer's actions under this "objective reasonableness" standard, the Court must consider the circumstances of the particular case, including the severity of the crime committed, whether the

---

[9] Once in custody, the 14th Amendment due process clause protects a pre-trial detainee from the use of excessive force that amounts to punishment. Graham, 490 U.S. at 395, n. 10; Riley, 115 F.3d at 1164 [In the Fourth Circuit, "[T]he Fourth Amendment does not embrace a theory of 'continuing seizure' and does not extend to the alleged mistreatment of arrestees or pre-trial detainees [once] in custody"].



subject posed an immediate threat to the safety of the police officers or others, and whether the subject was actively resisting arrest or attempting to evade arrest. Graham, 490 U.S. at 396; Schultz v. Braga, 455 F.3d 470, 476-477 (4th Cir. 2006); see Foote v. Dunagan, 33 F.3d 445, 447-448 (4th Cir. 1994)[drawing of weapon, grabbing of car keys, and pulling driver out of car reasonable actions in investigative stop]; Martin v. Gentile, 849 F.2d 863, 869 (4th Cir. 1988).

The evidence before the Court does not create an issue of fact as to whether any actions taken by the Defendant Owens were objectively unreasonable. In fact, Plaintiff does not even allege that Owens used any excessive force on him. Rather, he alleges that some other unidentified officer used excessive force on him. While it is conceivable (giving Plaintiff's complaint the liberal construction to which he is entitled) that Plaintiff might be arguing Owens was engaged in a conspiracy with this other unnamed officer because Owens (according to the allegations of the complaint) took no action to stop the alleged excessive use of force; cf. Hafner v. Brown, 983 F.2d 570, 577 (4th Cir. 1992)[Acquiescence in officer's use of excessive force may amount to conspiracy]; the fact still remains that there is no competent evidence before the Court to show that any excessive force was used in this case. What is objectively reasonable depends on what conditions exist at the time the alleged excessive force is used, recognizing that police officers are often forced to make split second judgments in circumstances that are tense, uncertain, and rapidly evolving. Graham v. Connor, 490 U.S. at 396; see Greenidge v. Ruffin, 927 F.2d 789 (4th Cir. 1991). Here, Plaintiff himself concedes in his complaint that the parties involved were on the side of an interstate highway at 1:40 a.m. in the morning, that a large quantity of drugs was seized from his automobile (although Plaintiff claims that these drugs were "planted"), and that Plaintiff was arguing with the officers about his having been stopped (Plaintiff states in his memorandum opposing summary judgment that, when



told he was speeding by Owens, he told Owens that "that was a lie and asked to see his radar." Plaintiff's Memorandum, p. 1. Under such circumstances, the police officers would understandably have been wary when dealing with the Plaintiff and uncertain of what actions he might take.

Further, none of the documentary evidence submitted to the Court shows any excessive force, or even any force at all, being used on the Plaintiff, with the only evidence to support Plaintiff's claim being his statement in his complaint that he was thrown to the ground by the officer and placed in handcuffs. House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]. There is also no evidence of any injuries sustained by the Plaintiff as a result of this event, nor does Plaintiff even allege any injuries. Thaddeus-X v. Wozniak, No. 99-1720, 2000 WL 712383 at **3 (6th Cir. May 23, 2000)[Plaintiff must show he suffered more than de minimis injury]; see also Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999)[Without proof of more than de minimis physical injury, Plaintiff cannot maintain his claim]. The undersigned can find no inference of a constitutional violation in this evidence sufficient to avoid summary judgment. See Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) ["not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"]; Papasan v. Allain, 478 U.S. 265, 286 (1986) [courts need not assume the truth of legal conclusions couched as factual allegations].

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted**, and this case should be **dismissed**.[10]

---

[10]Plaintiff's claims which fall under Heck should be dismissed without prejudice. Mills v. Greenville County, 586 F.Supp.2d 480, 485 (D.S.C. Apr. 15, 2008)[Heck claims dismissed without prejudice]; Oberg, 310 Fed.Appx. 144 at * * 1 [Heck-barred claims should be dismissed, without

11



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 31, 2009

Charleston, South Carolina

---



prejudice]. The remainder of Plaintiff's claims should be dismissed with prejudice.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 2940

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

